FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATRIX SCIENCES INTERNATIONAL INC, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMIE LARRALDE, an individual, RANDY HEMPEL, an individual, and CROPCARE ANALYTICS LLC, a Washington limited liability company,<br><br>    Defendants. | No. 2:26-CV-00091-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court is Plaintiff's Motion for Preliminary Injunction, ECF No. 2. Plaintiff is represented by Johanna Tomlinson and Caleb A. Hatch. Defendants are represented by Bret J. Uhrich and Jillian A. Harlington. The Motion was considered without oral argument.

Plaintiff provides analysis and advisory services in the agri-food supply chain, and it requires employees with access to its laboratory systems, customers, and technical processes to execute a Confidentiality and Nonsolicitation Agreement (CNA) as a condition of employment. The individual Defendants each executed CNAs in May 2022. In these CNAs, Defendants agreed not to use or disclose Plaintiff's confidential information, not to solicit Plaintiff's employees or

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** *1

customers during and for one year after employment, and Defendant Hempel agreed not to engage in competitive activity within 90 miles of Plaintiff's facilities for one year after the end of employment. Plaintiff asserts Defendants had access to Plaintiff's protectable trade secrets, proprietary workflows, internal software tools, pricing data, customer relationships, and subcontractor relationships.

While still employed by Plaintiff, Defendants allegedly began planning a competing laboratory business, discussed their venture with another employee and solicited him to join them, discussed forming a competing business venture with Plaintiff's customers, and contacted an existing subcontractor regarding overlapping services. In 2024, while still employed by Plaintiff, Defendants formed Cropcare Analytics, LLC (Cropcare).

Plaintiff now requests the Court issue a preliminary injunction enjoining Defendants from breaching their contracts and fiduciary duties to Plaintiff and from misusing Plaintiff's proprietary information.

In their response, Defendants assert Cropcare is administratively dissolved and has no operating agreement, active employees, or other assets or agreements that would support the active operation of the company. Defendants further dispute Plaintiff's allegation that they contacted customers and assert the conversation with the subcontractor was not in violation of the CNAs as the conversation had no bearing on the subcontractor's continuing relationship with Plaintiff. Lastly, Defendants assert they do not have access to any protectable trade secrets.

Preliminary injunctions and temporary restraining orders are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To successfully move for a temporary restraining order, the moving party must establish: (1) the likelihood that the movant will succeed on the merits, (2) the movant is likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities tips in the movant's favor, and (4) the injunction

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION \*2**

is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008).

Significant factual disputes exist regarding, but not limited to, whether Defendants contacted customers of Plaintiff about forming a competing business, the nature of the conversation between Defendants and the subcontractor, and whether Defendants have access to Plaintiff's protectable trade secrets.

Plaintiff has the burden of establishing the likelihood of success on the merits of each of its claims, and due to the existence of these factual disputes, Plaintiff fails to meet that burden. *Fed. Trade Comm'n v. Microsoft Corp.*, 136 F.4th 954, 967 (9th Cir. 2025); *Thomas v. Cnty. of L.A.*, 978 F.2d 504, 509 (9th Cir. 1992).

Further, Plaintiff has failed to establish a likelihood of irreparable harm in the absence of injunctive relief. Cropcare is administratively dissolved, and Plaintiff has provided no evidence to support its contention that Defendants are likely to engage in any behavior prohibited by the CNAs nor that they are likely to misappropriate any trade secrets. A mere possibility of harm is not sufficient to support the imposition of a preliminary injunction. *Winter*, 555 U.S. at 22.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion for Preliminary Injunction, ECF No. 2, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 25th day of March 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION *3**